IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


STEPHEN R. REL,

    Plaintiff,

vs.                                                             CIV  NO. 04-0033 ACT/RLP

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

    Defendant.


## MEMORANDUM OPINION AND ORDER

THIS MATTER COMES before the Court on Defendant's Motion for Reconsideration of the Court's Order denying Summary Judgment and Defendant's Motion in Limine Regarding the Appropriateness of the Arbitration Award. [Doc. Nos. 56 and 64].  The Court has reviewed the pleadings and the additional exhibits presented with the Motions.  The pleadings reveal that the Plaintiff and the Defendant have clarified their positions and are actually quite close in their assessment of the issues that still need to be resolved.  Both parties agree that the arbitration decision and the award by the arbitrators to the Plaintiff is final and is not at issue in this lawsuit.

Therefore, in light of these subsequent pleadings the Court rules as follows:

1) To the extent the Complaint or any other pleading of the Plaintiff could be construed to state a claim that the arbitrators decided his claim incorrectly, that he be allowed to present additional claims by arbitration, or that he is entitled to additional benefits or compensation under the underinsured motorist portion of his insurance policy, the Defendant is granted summary

judgment on those claims. The arbitration award satisfied Defendant State Farm Mutual Automobile Insurance Company's contractual obligations under the underinsured motorist portion of Plaintiff's insurance policy. Plaintiff acknowledges in his Response "Plaintiff's complaint for bad faith practices rests upon the action of Defendant that occurred prior to the arbitration, and to the issue of whether those actions constitute bad faith claims practices." (Plaintiff's Response to Defendant's Motion for Summary Judgment). [Doc. No. 66]. Plaintiff's expert also testified that Defendant's conduct after the arbitration hearing is not relevant. (Ex. E to Plaintiff's Response, p. 52). [Doc. No. 66]. Therefore, the only remaining issue in this lawsuit is whether Plaintiff is entitled to extra contractual damages resulting from Defendant's handling of his claim prior to the arbitration hearing.

2) In regards to the Defendant's Motion in Limine Regarding the Appropriateness of the Arbitration Award, the Court rules that any evidence regarding whether the actual arbitration <u>award</u> was fair, correct or reasonable may not be presented.

3) However, the Court finds that there are still issues of fact as to whether the claims handling and the communications that took place leading up to the arbitration hearing constituted bad faith claims practices.

IT IS SO ORDERED.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE
PRESIDING JUDGE