FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 5 - 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN R. REL,

Plaintiff,

v.                                    Civ. No. 04-0033 ACT/RLP

STATE FARM MUTUAL AUTO
INSURANCE COMPANY,

Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff Rel's Second Motion that Defendant be Compelled to Provide Discovery and for Appropriate Sanctions ("Plaintiff's Motion"). For the reasons set forth below, the motion is denied.

The Initial Pretrial Report ("IPTR") [Doc. 21] states that discovery ends on June 16, 2005 and that all discovery motions shall be filed by June 27, 2005. Plaintiff's motion was filed on September 14, 2005. Defendant's Response [Doc. 73] states that the documents at issue were made available to Plaintiff for inspection but "Plaintiff's counsel did not choose to inspect the documents produced by State Farm until June 20, 2005 . . . ." Response at 2. Plaintiff states that Defendant did not respond to requests for copies until September 13, 2005. Plaintiff's Motion at ¶ 6. Plaintiff's Addendum [Doc. 67] then argues that additional documents were received on September 23, but that important documents to which Plaintiff is entitled have not been produced. Defendant notes that said documents were never requested in discovery.



It is impossible for the court to reconstruct the events at issue. Plaintiff does not list the dates he inspected the documents and requested copies nor does he indicate where he requested the unproduced documents. In any event, the court agrees with Defendant that the Motion to Compel is untimely given the deadlines set forth in the IPTR.

Essentially, Plaintiff is requesting the court to enlarge the discovery deadlines. Motions for enlargement are governed by Fed.R.Civ.P. 6(b). Motions made after the expiration of the time ordered by the court are governed by Rule 6(b)(2), which provides that the court may, in its discretion, and upon a showing of "excusable neglect," grant the motion and enlarge the deadlines.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993) the Court identified four factors to determine excusable neglect in light of the surrounding circumstances: (1) the danger of prejudice to the other side; (2) the length of delay and its potential impact upon the proceedings; (3) the reason for the delay and whether it was in control of the party; and (4) whether the movant acted in good faith. *Id.* at 495-95. Control over the circumstances of the delay is "perhaps the most important single factor in determining whether the neglect is excusable." *City of Chanute, Kansas v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994), *cert. denied*, 513 U.S. 1191 (1995).

Plaintiff offers no reason whatsoever for his failure to file his motion prior to the June deadlines set forth in the IPTR. Even if this motion were to be construed under Fed.R.Civ.P. 16, which allows the court to modify the scheduling order upon a showing of "good cause," the result would be the same. "Good cause" under Rule 16 requires a

showing of diligence upon the party requesting relief. *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). Given Defendant's unrebutted claim that Plaintiff waited until June 20, 2005 to inspect documents made available on May 20, 2005 the court finds that the lack of diligence does not entitle Plaintiff to the discovery sought.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff Rel's Second Motion that Defendant be Compelled to Provide Discovery and for Appropriate Sanctions [Doc. 58] is denied.

IT IS SO ORDERED.

signed in the
absence of
Judge Puglisi
LHS

Richard L. Puglisi
United States Magistrate Judge